"UNITED STATES DISTRICT COURT"
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

8:21 cv 1899 TPB-TGW

* RANDY ALLEN HART,
#2114910 W/M
Plaintiff / D.O.B. 03-11-1965

vs.

* GRADY JUDD and POLK COUNTY SHERIFF'S DEPARTMENT.
Defendants.

* CASE NUMBER:
TO BE SUPPLIED BY CLERK.

## "CIVIL RIGHTS COMPLAINT"
### 42 U.S.C. § 1983

> The district court exercised its supplemental jurisdiction over state law claims of <u>false arrest</u>, battery, and defamation. See: 28 U.S.C. § 1367(a)(Supp. III 1991). See: Case No. #8:13-CV-2533-T-30MAP(M.D. Fla.)., "See The REVIEW OF DOCUMENTS", (FALSE ARREST).

> See also; the attached, enclosed documents, > FALSE ARREST. "EXHIBIT A". 1+2

> The Eighth Amendment prohibits punishments inconsistent with "evolving standards of decency that mark the

N.P.                                                    C/FILE

\* <u>Local Rule 1.05(c)</u>

progress of a maturing society. See: <u>Estelle v. Gamble</u>, 429 <u>U.S.</u> 97, 102 97 S.Ct. 285, 50 L.Ed. 2d 251 (1976); quoting <u>Trop v. Dulles</u>, 356 <u>U.S.</u> 86, 101, 78 S.Ct. 590, 2 L.Ed. 2d 630 (1958).

> "The right of access to the courts must be 'adequate, effective, and meaningful;'... and must be freely exercisable without hindrance or fear of retaliation." Id at 374, <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373-74 (3d Cir. 1981), quoting <u>Bounds v. Smith</u>, 430 <u>U.S.</u> 817, 822, 97 S.Ct. 1491, 52 L.Ed. 2d 72 (1977).

> <u>Plaintiff request to proceed informa pauperis as in accordance with 28 U.S.C. § 1915(g)</u>.

> To succeed on a claim for violation of civil rights under 42 U.S.C. § 1983, plaintiff must show that officials, acting under color of state law, deprived plaintiff of a right guaranteed them by the Constitution or laws of the United States.

### "CONCLUSION"

> Federal courts sit not to supervise jails/prisons but to enforce consti-

C/FILE

28 U.S.C. § 1915(h)

tutional rights of all "persons", including prisoners.

> A complaint should not be dismissed for failure to state a claim <u>unless</u> it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S.ct. 99, 102, 2 L.Ed. 2d 80.

> "The right of access to the Courts must be 'adequate, effective and meaningful',... and must be freely exercisable without hindrance or fear of retaliation." Id at 374, see: <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373-74 (3d Cir. 1981).

★ Plaintiff is in imminent danger of serious physical injury. <u>see:</u> 28 U.S.C. § 1915(g). The defendants have the plaintiff housed in the Polk County jail, Central jail, Building #4, Q-dorm, cell: 04 in unlawful detention from a false arrest that occured on May 5th, 2021. The defendant<u>s</u>, <u>LT. Palmer</u>, <u>LT. Russell</u>, ofc. Diaz, have the

C/FILE

> 28 U.S.C. § 1915 (g)

Plaintiff housed in the dorm with known violent inmates that have been making threats to the plaintiff for filing these complaints.
Witness: Randy Hamilton, plaintiff's Cell-Mate. (CJ 4Q 04)

> The dorm is way over crowded. The defendants have recently moved (26) more inmates into Q-dorm in the day room erea. The dorm is designed to hold (32) inmates, and their are a total of (74) inmates now in Q-dorm.* Video recorders are in use.
Witness: Kevin Bridges, Plaintiff's Cell-Mate. (CJ 4Q 04)

> The Plaintiff is indigent to proceed informa Pauperis. See inmate accounts at the Polk County Jail. - $300.00

*** Please respond to the address listed below.
(Randy Allen Hart #2114910
(Randy Allen Hart #2114910
(Polk County Jail/Central Jail/CJ 4Q 04
2390 Bob Phillips Rd. Bartow, Florida. 33830

* August 2, 2021
> Sheriff: Grady C. Judd, Jr.

C/FILE