UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDY A. HART,

    Plaintiff,

v.                                                            Case No. 8:21-cv-1899-TPB-TGW

SHERIFF GRADY JUDD,

    Defendant.
_____/

## O R D E R

Hart filed a civil rights complaint but neither paid the required filing fee nor moved for leave to proceed *in forma pauperis*. As a consequence, this action is reviewed as if Hart moves for leave to proceed *in forma pauperis*. Hart is barred from proceeding *in forma pauperis* because the Prison Litigation Reform Act ("PLRA") amends 28 U.S.C. § 1915 by adding the following subsection:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"[F]ederal courts in this circuit may properly count as strikes lawsuits or appeals dismissed as frivolous, malicious or failing to state a claim upon

which relief may be granted," including actions dismissed before the PLRA. *Rivera v. Allin*, 144 F.3d 719, 732 (11th Cir.), *cert. dismissed*, 524 U.S. 978 (1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Hart has filed many actions that qualify as a "strike" under Section 1915(g), including *Hart v. Murphy*, 8:16-cv-1976-MSS-MAP; *Hart v. Fla. Dep't of Corr.*, 8:16-cv-2109-SDM-AEP; *Hart v. Auburndale Police Dep't*, 8:18-cv-2117-SDM-AEP; *Hart v. Auburndale Police Dep't.*, 8:20-cv-1796-WFJ-TGW, and most recently, *Hart v. Grady Judd*, 8:21-cv-1620-WFJ-JSS.  Not only does each case qualify as a "strike," each listed case was dismissed under the "three-strikes" provision in Section 1915(g).

The present four-page paper, entitled "Civil Rights Complaint," merely references both the Eighth Amendment's protection from cruel and unusual punishment and the right to meaningful access to the courts, but the paper asserts no fact to support an action.

The earlier dismissals under the "three-strikes" provision advised Hart that he cannot proceed *in forma pauperis* except if he shows evidence of being under imminent danger of serious physical injury.  *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("The purpose of the PLRA is to curtail abusive prisoner litigation.").  To meet this exception Hart asserts that he is "in imminent danger of serious physical injury" because he is housed in an "overcrowded dorm" in the county jail with "known violent inmates" and

because he has received threats for filing complaints. These non-specific assertions fail to meet the requirements for alleging imminent danger of serious physical injury.

Hart fails to qualify to proceed under the exception to the "three-strikes" provision in Section 1915(g). This preclusion against proceeding *in forma pauperis* is without regard to the merits of the present civil rights complaint. Hart may initiate a new civil rights action by both filing a civil rights complaint and paying the $400.00 filing fee.

The complaint (Doc. 1) is **DISMISSED** under Section 1915(g) without prejudice to Hart's filing a new action with a new case number and the payment of the $402.00 filing fee. The clerk must **CLOSE** this case.

ORDERED in Tampa, Florida, on August 18, 2021.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**